**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

GARY JET CENTER, INC.

                Plaintiff,

      v.

GARY/CHICAGO INTERNATIONAL
AIRPORT AUTHORITY, CORNELL COLLINS,
MARION J. JOHNSON, SILAS WILKERSON,
ROSS AMUNDSON, and NICOLE THORN,

              Defendants.

EAST LAKE MANAGEMENT AND
DEVELOPMENT CORPORATION and
B. COLEMAN AVIATION LLC,

           Proposed Intervenors.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 2:13-cv-00453-JVB-JEM

Hon. Joseph S. Van Bokkelen

**MEMORANDUM OF LAW
IN SUPPORT OF INTERVENORS' MOTION TO DISMISS**

# <u>TABLE OF CONTENTS</u>

Introduction .................................................................................................................. 1

Factual Background ...................................................................................................... 2

Legal Standards ............................................................................................................ 3

Argument ...................................................................................................................... 4

      I.     The Court Lacks Jurisdiction Over Gary Jet's Breach of Lease Claim. ................. 4

            A.    No Private Right of Action Exists With Respect to Federal Airport
                 Funding Rules and Regulations. ................................................................. 4

            B.    The Primary Jurisdiction Doctrine Bars Consideration of Plaintiff's
                 Lease Claim At This Time. ........................................................................ 7

      II.    Gary Jet Fails To State A Claim For Violation of Equal Protection Under
           42 U.S.C. § 1983. ................................................................................................ 10

            A.    Gary Jet Fails To Satisfy The Pleading Standards For A Class-Of-
                 One Discrimination Claim. ...................................................................... 10

            B.    Gary Jet's Complaint Suggests Rational Bases For The Airport
                 Authority's Actions And Thus Pleads Itself Out Of Court. ...................... 14

            C.    Gary Jet's § 1983 Claim Based On Violation Of § 47107 Should
                 Be Dismissed Because No Private Cause Of Action Exists Under §
                 47107 ...................................................................................................... 16

Conclusion ................................................................................................................. 16

## TABLE OF AUTHORITIES

CASES

*Airborne Tactical Advantage Co., LLC v. Peninsula Airport Comm'n*,
    No. 4:05CV166, 2006 WL 753016 (E.D. Va. Mar. 21, 2006) ...................................................6

*Alexander v. Sandoval*,
    532 U.S. 275 (2001)................................................................................................................3

*Arrow Airways, Inc. v. Dade Cnty.*,
    749 F.2d 1489 (11th Cir. 1985) .............................................................................................5

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)...................................................................................................... Passim

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)....................................................................................................3, 11, 13

*Bradford Sch. Bus Transit, Inc. v. Chicago Transit Auth.*,
    537 F.2d 943 (7th Cir. 1976) .................................................................................................7

*Charleston v. Bd. of Trs. of Univ. of Ill. at Chicago*,
    No. 13-2081, 2013 WL 6698052 (7th Cir. Dec. 20, 2013)............................................. 13-14

*Christian v. N.Y. State Dep't of Labor*,
    414 U.S. 614 (1974)................................................................................................................7

*Clark v. Hale*,
    No. 3:13-CV-302 WCL, 2013 WL 4787916 (N.D. Ind. Sept. 9, 2013) ...................................3

*D.B. ex rel. Kurtis B. v. Kopp*,
    725 F.3d 681 (7th Cir. 2013) ..........................................................................................4, 14

*Del Marcelle v. Brown Cnty. Corp.*,
    680 F.3d 887 (7th Cir. 2012) (en banc) .......................................................................... 11-13

*Flying J Inc. v. City of New Haven*,
    549 F.3d 538 (7th Cir. 2008) ...............................................................................................14

*In re StarNet, Inc.*,
    355 F.3d 634 (7th Cir. 2004) ............................................................................................7, 9

*Interface Grp., Inc. v. Mass. Port Auth.*,
    816 F.2d 9 (1st Cir. 1987).......................................................................................................5

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
  511 U.S. 375 (1994) ........................................................................................3

*Miller Aviation v. Milwaukee Cnty. Bd. of Supervisors*,
  273 F.3d 722 (7th Cir. 2001) ...........................................................................3

*Monell v. Dep't of Soc. Servs. of City of N.Y.*,
  436 U.S. 658 (1978)........................................................................................10

*New England Legal Found. v. Mass. Port Auth.*,
  883 F.2d 157 (1st Cir. 1989)..........................................................................5, 8

*Northwest Airlines, Inc. v. Cnty. of Kent, Mich.*,
  955 F.2d 1054 (6th Cir. 1992) ..........................................................................5

*Olech v. Vill. of Willowbrook*,
  160 F.3d 386 (7th Cir. 1998) ..................................................................... 11-12

*Palka v. Shelton*,
  623 F.3d 447 (7th Cir. 2010) ..........................................................................10

*Pinkston-El-Bey v. Ill.*,
  358 Fed. App'x 713 (7th Cir. 2009) ............................................................. 3-4

*Rangel v. Reynolds*,
  607 F. Supp. 2d 911 (N.D. Ind. 2009) .............................................................3

*Sung Park v. Ind. Univ. Sch. of Dentistry*,
  692 F.3d 828 (7th Cir. 2012) ..........................................................................13

*Thomas v. S. Bend Cmty. Sch. Corp. Bd. of Trs.*,
  No. 2:05-CV-253 RM, 2007 WL 2029357 (N.D. Ind. July 11, 2007) ...............7, 10

*U.S. v. W. Pac. R.R. Co.*,
  352 U.S. 59 (1956)............................................................................................7

*Vill. of Willowbrook v. Olech*,
  528 U.S. 562 (2000)........................................................................................10

*W. Air Lines, Inc. v. Port Auth. of N.Y. and N.J.*,
  817 F.2d 222 (2d Cir. 1987).............................................................................5

## FEDERAL STATUTES

42 U.S.C. § 1983..................................................................................... Passim

49 U.S.C. § 47101...................................................................................8, 15

49 U.S.C. § 47104.................................................................................... 7-8

49 U.S.C. § 47107 ................................................................................................... Passim

49 U.S.C. § 47122 ................................................................................................... Passim

**STATE STATUTES**

IND. CODE ANN. § 8-22-3-11 ...............................................................................................2

**RULES**

Fed. R. Civ. P. 12(b)(1) ...............................................................................................1, 3, 16

Fed. R. Civ. P. 12(b)(6) ........................................................................................... Passim

**REGULATIONS**

14 C.F.R. § 16.109 ...............................................................................................9

**CONSTITUTIONAL PROVISIONS**

Fourteenth Amendment ...............................................................................................10

Intervenors East Lake Management and Development Corporation ("East Lake") and B. Coleman Aviation LLC ("B. Coleman") respectfully submit this memorandum of law in support of their motion, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), to dismiss the complaint of Plaintiff Gary Jet Center, Inc. ("Gary Jet").

## INTRODUCTION

In an effort to maintain a monopoly on the sale of aviation fuel and related services at the Gary/Chicago International Airport (the "Airport" or "Gary Airport"), Gary Jet has filed a Complaint (Dkt. # 1) seeking preliminary and permanent injunctive relief, the effect of which would be to preclude a competing Fixed Base Operator ("FBO" or "FBO-A") from continuing to participate in the Airport's aircraft servicing industry.  Gary Jet asserts two claims against the Gary Airport Authority – one for breach of contract and the other under 42 U.S.C. § 1983 for violation of its right to equal protection.  Both are premised on the Airport Authority's alleged disparate application of Gary Airport's Fixed Base Operators Rules and Regulations ("FBO Regulations" or "Minimum Standards").  Both claims should be dismissed.

Gary Jet's claims hinge on a federal statute, 49 U.S.C. § 47107, which (i) creates no private cause of action, (ii) Congress specifically intended for the Federal Aviation Administration ("FAA") to interpret and administer, and (iii) the FAA, with a specialized expertise and established adjudicative infrastructure, should enforce.  Further, Gary Jet cannot state a claim under § 1983 because it has not alleged any factual support to show that the Airport Authority's actions were irrational and did not further a legitimate governmental interest. Indeed, it is plain that the Airport Authority acted with just such an interest in mind – namely, to promote competition in FBO services at the Gary Airport, which, in turn, would help to make the

Gary Airport a more attractive aviation destination.   For the reasons described in this Memorandum of Law, both of Gary Jet's claims should be dismissed.

## FACTUAL BACKGROUND

The Airport Authority is a municipal entity that oversees the Gary Airport.   Among other responsibilities, it is charged with performing all acts necessary or reasonably incident to regulating, managing, and operating the Airport, as well as leasing land, buildings and other structures.   IND. CODE ANN. §§ 8-22-3-11(15), (18), (20).   Gary Jet is the incumbent FBO operator at the Gary Airport, having served in that capacity since 1991.  (Compl. at ¶ 55.)

In 2013, East Lake and B. Coleman began undertaking efforts to establish a competing FBO business at the Airport.   To facilitate these efforts, East Lake and the Airport Authority entered into three agreements in the late spring of 2013 – a Ground Lease Agreement, a Vacant Hangar Lease Agreement, and a Service Agreement for T-Hangar Management.[1]  (*Id.* at ¶¶ 69-70; Dkt. # 1-3, at 1.)  Pursuant to these agreements, East Lake and B. Coleman were authorized to renovate an existing hangar, begin offering FBO services for aircraft fueling, maintenance and repair, and lease property for purposes of constructing a permanent maintenance facility.  (*Id.*)  Now, months after East Lake and B. Coleman began providing FBO services in August 2013, Gary Jet claims that the Airport Authority has engaged in disparate treatment toward Gary Jet, the incumbent FBO operator.  (*See, e.g.*, Compl. at ¶¶ 9, 73, 75-78, 80, 82, 86, 88.)  Dismayed at the prospect of competition with another FBO, Gary Jet filed its Complaint against the Airport Authority on December 9, 2013, asserting claims for breach of its lease agreement and a § 1983 violation.  (*Id.* at ¶ 9.)

---

[1] Subsequent to entering into these agreements, East Lake assigned a substantial portion of the actual FBO operations to B. Coleman, with notice to the Airport Authority.

## LEGAL STANDARDS

Subject matter jurisdiction of a federal district court is limited and presumed absent unless the party seeking jurisdiction can show otherwise. *See Clark v. Hale*, No. 3:13-CV-302 WCL, 2013 WL 4787916, at *1 (N.D. Ind. Sept. 9, 2013) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).  Here, Gary Jet claims that there have been purported violations of various FAA standards and seeks, as a private party, to enforce those standards. Plaintiff has the burden of showing that such a private right exists. *Rangel v. Reynolds*, 607 F. Supp. 2d 911, 916 (N.D. Ind. 2009).  Failure to meet this burden means that the complaint is subject to dismissal under Fed. R. Civ. P. 12(b)(1).

Because private rights of action to enforce federal laws and regulations must be created by Congress, "[t]he judicial task is to interpret the statute Congress has passed to determine whether it displays an intent to create not just a private right but also a private remedy. . . . Without [statutory intent], a cause of action does not exist and courts may not create one, no matter how . . . compatible with the statute." *Alexander v. Sandoval*, 532 U.S. 275, 286-87 (2001) (citations omitted); *see also Miller Aviation v. Milwaukee Cnty. Bd. of Supervisors*, 273 F.3d 722, 729-30 (7th Cir. 2001).  In ruling on a motion to dismiss for lack of subject matter jurisdiction, the Court may consider evidence and facts outside of the pleadings. *See Clark*, 2013 WL 4787916, at *1 n.2 (citation omitted).

With regard to Rule 12(b)(6), "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is ***plausible*** on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (emphasis added)).  In assessing the sufficiency of a complaint, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (internal citation omitted).  Indeed, "[a] pleading that offers 'labels and conclusions' or 'a

3

formulaic recitation of the elements of a cause of action will not do.'" *Pinkston-El-Bey v. Ill.*, 358 Fed. App'x 713, 714 (7th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (internal citation omitted).

These principles have special force with respect to claims of the type presented here, where the plaintiff asserts that a government actor singled it out for alleged discriminatory economic treatment. In the context of such a "class-of-one" equal protection claim, "[t]o get past a Rule 12(b)(6) motion to dismiss . . . 'a plaintiff must [also] allege facts sufficient to overcome the presumption of rationality that applies to government classifications." *D.B. ex rel. Kurtis B. v. Kopp*, 725 F.3d 681, 686 (7th Cir. 2013) (citation omitted). Put another way, the Plaintiff's complaint must contain specific factual allegations showing why the actions of the government actor could not conceivably be rationally related to a legitimate government interest; mere conclusory statements will not do. *Id.*

## ARGUMENT

### I.     The Court Lacks Jurisdiction Over Gary Jet's Breach of Lease Claim.

#### A.     No Private Right of Action Exists With Respect to Federal Airport Funding Rules and Regulations.

Gary Jet attempts to circumvent well-settled law by dressing up what is truly an action to privately enforce a federal statute and accompanying regulations as a breach of contract claim. In particular, Gary Jet's complaint that the Airport Authority breached its lease with Gary Jet hinges entirely upon an allegation that the Defendants, through various practices, have violated 49 U.S.C. § 47107[2] and the regulatory scheme that the FAA has constructed pursuant to this

---

[2] 49 U.S.C. § 47107 provides in pertinent part as follows: "The Secretary of Transportation may approve a project grant application under this subchapter for an airport development project only if the Secretary receives written assurances, satisfactory to the Secretary, that--(1) the airport will be available for public use on reasonable

4

statute, including requirements that recipients of federal funding for airport development provide certain assurances to the FAA.  (Compl. at ¶¶ 27-29.)  Indeed, as Gary Jet itself states, its "request for relief on its claim for breach of the Lease depends *entirely* upon . . . whether the Airport Authority violated the sponsor's assurances it made to the federal government . . . [under] 49 U.S.C. § 47107(a) and developed and administered by the Federal Aviation Administration."  (Dkt. #16, at 4; *see also* Compl. at ¶ 17.)[3]

However, no private right of action exists to enforce § 47107.[4]  Instead, it is the Department of Transportation (through the FAA) that has exclusive responsibility to determine whether a recipient of federal funds has complied with the conditions that attach to such federal funding, including whether the airport is affording firms a fair opportunity to compete for business at the airport.  In particular, it is the Secretary of Transportation to whom Congress granted the authority to promulgate rules and regulations regarding the use of federal funds for airport development.  *See* 49 U.S.C. § 47107(g); *see also New England Legal Found. v. Mass. Port Auth.*, 883 F.2d 157, 169 (1st Cir. 1989) (describing § 47107(g) as a "Congressional anointment of power" that "exclude[s] private parties from the right to file an action in court").  Likewise, it is the Secretary of Transportation that has been empowered to enforce compliance with its rules and regulations, including the authority to investigate any violations and to issue

---

conditions and without unjust discrimination . . . [and] (5) fixed-base operators similarly using the airport will be subject to the same charges."

[3] Gary Jet's claim that the Airport Authority has not adhered to its assurance that FBOs will be treated on a fair and equitable basis is, to say the least, ironic.  (Compl. at ¶¶ 34-35, 97.)  As set forth in Intervenors East Lake Management and Development Corporation and B. Coleman Aviation LLC's Opposition to Plaintiff's Motion for a Preliminary Injunction, Gary Jet Center has had a monopoly over the provision of FBO fueling services at the Gary Airport for at least a decade.  When faced with competition, Gary Jet has taken steps – such as asserting that it has exclusive rights to existing aboveground fuel storage tanks at the Airport – to restrain and inhibit such competition.  Put simply, Gary Jet is hardly in a position to complain about unequal treatment.

[4] *See Interface Grp., Inc. v. Mass. Port Auth.*, 816 F.2d 9, 15 (1st Cir. 1987) ("Congress had in mind an alternative enforcement scheme inconsistent with a private right of action."); *see also W. Air Lines, Inc. v. Port Auth. of N.Y. and N.J.*, 817 F.2d 222, 225 (2d Cir. 1987); *Northwest Airlines, Inc. v. Cnty. of Kent, Mich.*, 955 F.2d 1054, 1058-59 (6th Cir. 1992); *Arrow Airways, Inc. v. Dade Cnty.*, 749 F.2d 1489, 1491 (11th Cir. 1985).

any necessary orders.  49 U.S.C. § 47122(a).  It is precisely because of such a comprehensive regulatory scheme that private actions to enforce § 47107 are not permitted.  Indeed, at least one court has specifically barred the exact type of action that Gary Jet attempts to bring here – a claim that § 47107 has been violated because the airport failed to adhere to the assurance it gave when it received federal funding for airport development.  *See Airborne Tactical Advantage Co., LLC v. Peninsula Airport Comm'n*, No. 4:05CV166, 2006 WL 753016, at *5 (E.D. Va. Mar. 21, 2006) (dismissing a motion for temporary restraining order to prevent an airport commission from violating § 47107 because (1) the FAA had exclusive jurisdiction to enforce compliance with § 47107 grant assurances, and (2) enforcement mechanisms such as a cease and desist order are available in an FAA proceeding "to the exclusion of any remedy that may be provided in a federal district court").  The same outcome should obtain here.

Gary Jet's Complaint ignores these principles.  Rather than having the FAA monitor and enforce its airport funding regulations, Gary Jet wants to arrogate that power for itself, acting as a self-appointed commissar of FAA regulations for airport development funding.  Regardless of whether its lease with the Airport Authority requires compliance with FAA funding regulations, *it is the FAA alone that has the authority to determine whether there has been such compliance.* It is for the FAA, with its special expertise and the ability to balance the various policy and other interests at stake, to make that judgment, not a federal court.  A mere provision in a lease cannot override these bedrock principles of federal law and create a private cause of action to enforce federal regulations where none exists.  As such, Gary Jet's claim for a breach of its lease with the Gary Airport Authority should be dismissed because it is entirely dependent upon enforcement of FAA regulations, for which the FAA has sole responsibility to enforce.  Put simply, its claim is barred.

6

**B.      The Primary Jurisdiction Doctrine Bars Consideration of Plaintiff's Lease Claim At This Time.**

Even if a claim may be cognizable in court, primary jurisdiction "comes into play whenever enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body." *U.S. v. W. Pac. R.R. Co.*, 352 U.S. 59, 64 (1956).  Primary jurisdiction "allows a federal court to refer a matter extending beyond the 'conventional experiences of judges' or 'falling within the realm of administrative discretion' to an administrative agency with more specialized experience, expertise, and insight." *In re StarNet, Inc.*, 355 F.3d 634, 639 (7th Cir. 2004) (finding that when a cause of action turns on a federal act and the implementing regulations that lie within the "bailiwick" of a federal agency, "the agency's views are the logical place for the judiciary to start") (internal citation omitted).  In short, it "allocates to an administrative agency 'the first crack at certain matters.'"  *Thomas v. S. Bend Cmty. Sch. Corp. Bd. of Trs.*, No. 2:05-CV-253 RM, 2007 WL 2029357, at *1 (N.D. Ind. July 11, 2007) (citation omitted).

A court should defer to the primary jurisdiction of a federal agency where (1) it secures "[u]niformity and consistency in the regulation of business entrusted to a particular agency;" (2) "expert and specialized knowledge of the agencies [is] involved," *Bradford Sch. Bus Transit, Inc. v. Chicago Transit Auth.*, 537 F.2d 943, 949 (7th Cir. 1976) (internal quotations omitted); and (3) it serves judicial economy by deciding the dispute within the agency and obviating the need for the courts to intervene.  *See Christian v. N.Y. State Dep't of Labor*, 414 U.S. 614, 622 (1974).  Here, all three of these considerations dictate that this Court decline to hear Gary Jet's Complaint at this time – because the FAA has primary jurisdiction over them.

First, as discussed *supra*, Congress has entrusted the Department of Transportation, through the FAA, with the authority to regulate a nationwide airport and airway system as it

deems "necessary" and "satisfactory."  *See* 49 U.S.C. §§ 47107(a), (g), 47122(a), 47104(a).
Indeed, by Plaintiff's own admission,  § 47107 is "developed and administered by the Federal
Aviation Administration," (Dkt. #16, at 4), and "[t]he FAA typically regulates the services an
FBO provides."  (Compl. at ¶ 24.)  Congress also regularly emphasizes the importance of a
seamless, nationwide airport and airway system, further suggesting the importance of uniformity
and consistency in application of FAA regulations.  *See, e.g.*, §§ 47101, 47104(a).

As the established regulatory agency overseeing aviation safety and federal funding of
airport improvements, the FAA has clearly been assigned the task, utilizing its specialized
knowledge and expertise, to monitor and, if necessary, adjudicate claims such as those at issue
here (*i.e.*, whether a recipient of federal funds has complied with FAA regulations for the use of
such funds).   Contrary to Gary Jet's assertion, its claims do not simply depend on
"interpretation" of § 47107 and regulations promulgated thereunder, (Compl. at ¶ 17(b)); rather,
they require a specialized understanding of the *application* of § 47107 within the context of
aviation regulation and policy more generally.  For example, whether the Airport Authority has
made "the airport available for public use on reasonable conditions and without   unjust
discrimination," (*see* Compl. at ¶¶ 9, 29, 35, 42, 97), is not the product of some mechanical
application of a rigid rule.  Instead, it is the result of judgment and the application of expertise.
Indeed, interpretation and application of § 47107's "public use on reasonable conditions"
language – the statutory source for the FAA's requirement that a federally-funded airport issue
"minimum standards" for FBO operators – has been characterized as "definitely an area of
expertise primarily reserved to the Secretary's discretion."  *New England Legal Found.*, 883 F.2d
at 170.  In short, Congress depends on the FAA to utilize specialized knowledge to maintain a
national airport system that is *both* safe *and* accessible for new business.

As such, Gary Jet's allegations that the Airport Authority has failed to require East Lake and B. Coleman to operate out of a building of at least 10,000 square feet in size, (Compl. at ¶ 77), or that East Lake and B. Coleman's fueling storage practices are deficient, (*see, e.g.*, Compl. at ¶¶ 28, 31, 37, 77, 90, 97(d)), require more than simply an "interpretation of federal law." (Compl. at ¶ 17(b).)  They require the FAA, an expert in airport development and safety and the authority for federal grant approval, to evaluate the particular circumstances at the Gary/Chicago International Airport and determine whether, in the interests of safety, public welfare, and healthy competition, the Airport Authority acted appropriately, reasonably, and rationally by temporarily affording East Lake and B. Coleman, newcomers without any preexisting onsite infrastructure such as a permanent building or aboveground fuel tanks, an opportunity to get their operation up and running.  The FAA has the "specialized experience, expertise, and insight" necessary to interpret and apply § 47107, and the FAA should be resolving this matter.  *In re StarNet, Inc.*, 355 F.3d at 639.

Finally, application of the primary jurisdiction doctrine will serve the interests of judicial economy by allowing the executive agency charged with resolving § 47107 disputes – that is, the FAA – to actually do so without requiring the expenditure of the judiciary's valuable resources. Gary Jet has already admitted that its cause of action "depends *entirely* upon" whether the Airport Authority violated § 47107, a statute "developed and administered by the Federal Aviation Administration."  (Dkt. #16, at 4.)  Additionally, the FAA is empowered to (1) adjudicate the disputed issues under § 47122 and (2) issue remedial relief in the event that a violation were to be found.  14 C.F.R. § 16.109(a).  There is no call for the Court to spend valuable time on a case that the FAA is authorized and specially equipped to resolve.

The FAA has been entrusted to regulate the airport and airway system in a uniform and consistent manner; the FAA has the specialized knowledge and expertise to determine when its own regulations have been violated and to decide what is in the interests of public health, safety, welfare, and economic progress; and the FAA has the adjudicative infrastructure to resolve § 47107 disputes without clogging the judiciary system. Because all of these factors weigh in favor of primary jurisdiction, the FAA is entitled to a "first crack" at resolving the issues raised in Gary Jet's Complaint. *See Thomas*, 2007 WL 2029357, at *1.

## II.   Gary Jet Fails To State A Claim For Violation of Equal Protection Under 42 U.S.C. § 1983.

### A.   Gary Jet Fails To Satisfy The Pleading Standards For A Class-Of-One Discrimination Claim.

Gary Jet has not properly pled an equal protection violation by the Airport Authority and therefore fails to state a § 1983 claim. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658 (1978); *see also Palka v. Shelton*, 623 F.3d 447, 455 (7th Cir. 2010) (dismissing a § 1983 *Monell* claim which failed to state a claim for the underlying constitutional violation). Gary Jet alleges that its right to Equal Protection under the Fourteenth Amendment has been violated, (*see generally* Compl. at 3, 18-19), but unlike typical equal protection claims, Gary Jet does not claim membership to a particular group or protected class. Rather, it contends that the Airport Authority applied the FBO Regulations differently to East Lake and B. Coleman and thereby discriminated against Gary Jet as a "class-of-one." (Compl. at ¶ 9.) Put differently, Gary Jet's "discrimination" claim is premised *solely* on individual differential treatment allegedly directed to it alone.

Class-of-one plaintiffs allege that they have been "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Such claims are disfavored. They hold the

10

prospect of "turning every squabble over municipal services, of which there must be tens or even hundreds of thousands every year, into a federal constitutional case." *Olech v. Vill. of Willowbrook*, 160 F.3d 386, 388 (7th Cir. 1998); *see also Del Marcelle v. Brown Cnty. Corp.*, 680 F.3d 887, 899 (7th Cir. 2012) (en banc) ("[W]hen 'discrimination' is the norm because the 'classification' . . . is made ad hoc by frontline public officers, 'discrimination' can't by itself be the criterion for violation of the equal protection clause."). Recognizing the great potential for abuse arising out of class-of-one equal protection claims, courts and authorities have endeavored to develop an appropriate pleading standard. *See id.* at 891-93 (citing collecting cases and authorities).

To fill this void, the 7th Circuit has offered two standards for pleading class-of-one discrimination, neither of which is satisfied by the Complaint. Judge Posner proposes that a class-of-one plaintiff affirmatively and particularly plead that it was "the victim of *discrimination intentionally visited upon [it] by state actors who knew or should have known that they had no justification, based on their public duties, for singling [it] out for unfavorable treatment—who acted in other words for personal reasons, with discriminatory intent and effect*." *Id.* at 889. That is, "[t]he plaintiff must plead and prove *both* the absence of a rational basis for the defendant's action *and* some improper personal motive . . . for the differential treatment." *Id.*

Judge Wood suggests concentrating on the plausibility requirements established under *Iqbal* and *Twombly*. *Id.* at 913. Under this approach, while a class-of-one plaintiff must plead intentional discrimination that was undertaken without a rational basis, it also "must present **facts**—not bare legal conclusions—that support these points." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)) (emphasis added). Other

11

factors, such as "personal animus, illegitimate motives, inexplicable deviations from clear rules—are not primary rules . . . [but rather] illustrative . . . to show that the lack of a rational basis is not merely possible, but ***plausible***." *Id.* (emphasis added).[5]

The Court need not concern itself with which class-of-one standard should apply, however, because Gary Jet's Complaint fails under both.  The Complaint fails under Judge Posner's approach because it does not assert, in any way, that the Airport Authority's alleged differential treatment was based on some "improper personal motive." *Del Marcelle*, 680 F.3d at 889.  Indeed, absent from all of its anecdotal examples of alleged differential treatment (*see, e.g.*, Compl. at ¶¶ 6-9, 73, 77-78, 80, 82-87) is any particularized allegation that the Airport Authority singled out Gary Jet for discrimination based on some improper personal motive, subjective ill-will, or without any justification related to its public duties.  *See Del Marcelle*, 680 F.3d at 889.  Nor could it, as the Airport Authority *did* have numerous reasonable and rational bases for its actions directly related to its public duties, including, among other things, affording public access to the airport to new businesses and fostering competition.  At its core, this is precisely the type of "squabble over municipal services" that Judge Posner cautioned against in proposing improper subjective intent as a pleading requirement.  *See id.* at 890 (citing *Olech*, 160 F.3d at 388).

Nor does Gary Jet's Complaint satisfy the class-of-one pleading standards that Judge Wood set forth in *Del Marcelle*.  Gary Jet's *only* allegation in its entire Complaint regarding the supposed lack of a rational basis for the Airport Authority's actions is the naked, factually bereft assertion that "[t]he Old Board had no legitimate justification, and no rational basis for

---

[5] Judge Easterbrook has rejected both Judge Posner's and Judge Wood's approaches to class-of-one rational-basis pleading, suggesting instead that the rational-basis test should not consider subjective intent at all. *Del Marcelle*, 680 F.3d at 900.  Instead, Judge Easterbrook points to the test's focus on "whether a rational basis can be *conceived*, not whether one is established on the record or occurred to a defendant," as a sufficient safeguard from meritless class-of-one litigation.  *See id.*  As set forth below, (*see infra* at Section II.B), a rational basis plainly underpins the Airport Authority's actions here – namely, to promote competition in the provision of FBO services at the Gary Airport.

exempting East Lake from those generally applicable rules." (Compl. at ¶ 6.) A single conclusory sentence does not satisfy the *plausibility* requirements of *Iqbal* and *Twombly*. It is a mere conclusion, dressed up in the language setting forth the elements of a claim. This is not enough. *See Iqbal*, 556 U.S. at 678 (emphasizing that "labels and conclusions," "formulaic recitation[s] of the elements," and "naked assertion[s] devoid of further factual enhancement" are insufficient for a complaint to survive a motion to dismiss (internal quotations omitted)). Nor are Gary Jet's meager assertions complaining that the Airport Authority treated East Lake and B. Coleman differently. (Compl. at ¶¶ 6-9, 73, 77-78, 80, 82-87.) The fact that the Airport Authority, under the circumstances, made an individualized determination to give East Lake and B. Coleman time to establish its FBO operation is insufficient to *plausibly* suggest that the Airport Authority lacked a rational basis for any alleged differential treatment. *Del Marcelle*, 680 F.3d at 913 ("It is entirely rational . . . [for] state actors to make individualized decisions when the very nature of their job is to take a wide variety of considerations into account.")

The Complaint further fails to offer facts sufficient to show how Gary Jet and East Lake/B. Coleman are similarly situated, such that any "favoritism" would indicate intentional discrimination. *See Charleston v. Bd. of Trs. of Univ. of Ill. at Chicago*, No. 13-2081, 2013 WL 6698052, at *5 (7th Cir. Dec. 20, 2013); *Sung Park v. Ind. Univ. Sch. of Dentistry*, 692 F.3d 828, 833 (7th Cir. 2012). Far from it, the Complaint suggests the opposite: that Gary Jet and East Lake/B. Coleman are not similarly situated. Whereas Gary Jet has been doing business at the Airport since 1991 and was the longtime incumbent FBO at the Gary Airport, (Compl. at ¶¶ 55-57), East Lake and B. Coleman are newcomers with no pre-established operation on site. (*Id.* at ¶¶ 69-70.) And unlike Gary Jet, the newcomers did not have the privilege of leasing property where building had already been constructed. (*See* Dkt. #1-2, at 2; *see also* Dkt. #1-3, at 1.)

13

Given these disparities, Gary Jet cannot rest on the naked assertion that "[t]his case involves the Airport Authority treating similarly situated FBOs differently." (Compl. at ¶ 20.)  As the court in *Charleston* emphasized, "saying the magic words is not enough."  *Charleston*, 2013 WL 6698052, at *5 (affirming dismissal of a class-of-one complaint by a student, which purported that "similarly situated students" were treated more favorably, but "tells us nothing about these 'similarly situated . . . students'").  The Complaint does not plausibly suggest that East Lake/B.Coleman and Gary Jet were similarly situated and thus fails to state a class-of-one claim.

### B. Gary Jet's Complaint Suggests Rational Bases For The Airport Authority's Actions And Thus Pleads Itself Out Of Court.

Regardless of which class-of-one standard is applied, Gary Jet's claim fails to overcome the presumption of rationality applicable to government classifications of individual entities.  *See D.B. ex rel. Kurtis B. v. Kopp*, 725 F.3d 681, 686 (7th Cir. 2013).  "[W]hen a lawsuit challenging a government action subject only to rational basis review is evaluated under the deferential standard of a Rule 12(b)(6) motion to dismiss" a class-of-one plaintiff "must allege facts sufficient to overcome the presumption of rationality that applies to government classifications." *Id.* (internal quotations omitted).  In the case of class-of-one, a plaintiff cannot survive a 12(b)(6) motion to dismiss and pleads itself out of court if the complaint, documents incorporated into the complaint by reference, and the "reasonable inferences that follow" indicate a *conceivable* rational basis for the difference in treatment.  *See Flying J Inc. v. City of New Haven*, 549 F.3d 538, 546 (7th Cir. 2008); *D.B. ex rel. Kurtis B.*, 725 F.3d at 686 (dismissing a § 1983 claim premised on a class-of-one discrimination because the allegations within the complaint "suggest[ed] an objectively rational basis" regardless of the government actor's subjective motivations).

14

In this case, Gary Jet's Complaint, read in conjunction with § 47107, suggests a number of rational bases for the Authority's purported differential treatment. First, Gary Jet's papers plainly suggest that the Airport Authority acted in the manner alleged so as to avoid granting an illegal exclusive right to Gary Jet and violating federal law. In particular, § 47107 requires a written assurance (and the Airport Authority has provided such an assurance) that "a person providing, or intending to provide, aeronautical services to the public will not be given an exclusive right to use the airport." 49 U.S.C. § 47107(a)(4); *see also* Dkt. #1-1, at ¶ 23. Had the Airport Authority precluded East Lake and B. Coleman from providing FBO operations at the Gary Airport as a competitor to Gary Jet—an outcome which, not coincidentally, Gary Jet endeavored to achieve by refusing to permit East Lake/B.Coleman to access the fuel farm—it would have created a *de facto* exclusive right for Gary Jet and violated both FAA regulations and its own grant assurances. It follows, then, that one conceivable rational basis the Court can reasonably infer is that the Airport Authority acted to avoid violating the FAA's prohibition against applying minimum standards to grant an exclusive right.

As well, the Court can reasonably infer that the Airport Authority's conduct was motivated by a rational interest in promoting vigorous and vibrant competition in accordance with congressional intent. *See* 49 U.S.C. § 47101(d) ("Each airport and airway program should be carried out . . . to foster competition."). That is, the Airport Authority wanted to provide for economic progress at the Gary Airport by allowing a new business to enter an industry that had theretofore been monopolized by a single FBO-A. (*See* Compl. at ¶ 55.) However, in order to attain this congressionally-mandated goal, the Airport Authority, in the exercise of its judgment, chose to afford that new business the necessary time to get its operation up to speed. Unlike Gary Jet, who has been operating at the Gary Airport since 1991, (*id.*), East Lake/B. Coleman

"had no prior experience serving as an FBO." (*Id.* at ¶ 69.)  And unlike Gary Jet, who was able to lease property where a permanent building already existed," (Dkt. #1-2, at 2), East Lake had to start from scratch.  (Dkt. # 1-3.)  It stands to reason that if East Lake/B. Coleman needed to build permanent FBO-A facilities and infrastructure from scratch, they needed time to do so.  The fact that the Airport Authority recognized this need and *temporarily* allowed them to begin operations from a non-permanent structure while working toward full compliance with the FBO Regulations hardly suggests irrational or arbitrary discrimination against Gary Jet.

> **C.**     **Gary Jet's § 1983 Claim Based On Violation Of § 47107 Should Be Dismissed Because No Private Cause Of Action Exists Under § 47107.**

To the extent that Gary Jet's § 1983 depends on whether the Airport Authority violated § 47107, this Court should dismiss it as well for lack of subject matter jurisdiction.  As explained in Section I.A. above, no private cause of action exists for the violation of § 47107, and Gary Jet should not be able to bypass the executive agency enforcement scheme by simply dressing up a purported § 47107 violation as a constitutional violation.

<u>**CONCLUSION**</u>

For all of the foregoing reasons, East Lake and B. Coleman respectfully request that this Court grant their Motion to Dismiss for lack of subject matter jurisdiction under 12(b)(1) and failure to state a claim upon which relief could be granted under 12(b)(6), or at the very least, apply primary jurisdiction to dismiss or stay the current action pending a determination by the FAA.

//

//

//

//

16

Dated:  February 5, 2014

Respectfully submitted,


By: /s/ *Jonathan L. Marks*
      One of The Attorneys For East Lake
      Management and Development
      Corporation and B. Coleman Aviation
      LLC


Andrew G. Klevorn (*pro hac vice* pending)
James W. Hutchison (*pro hac vice* pending)
Jonathan L. Marks
KATTEN MUCHIN ROSENMAN LLP
525 West Monroe Street
Chicago, IL 60661
312-902-5200
andrew.klevorn@kattenlaw.com
james.hutchison@kattenlaw.com
jonathan.marks@kattenlaw.com

17

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that on February 5, 2014, the foregoing **Memorandum of Law In Support Of Intervenors' Motion To Dismiss** was filed with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.


/s/  *Jonathan L. Marks*
Jonathan L. Marks

1