# United States District Court
# Northern District of Indiana
# Hammond Division

| | |
|---|---|
| GARY JET CENTER INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 2:13-CV-453 JVB |
| ) | |
| GARY/CHICAGO INTERNATIONAL ) | |
| AIRPORT AUTHORITY, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| EAST LAKE MANAGEMENT AND ) | |
| DEVELOPMENT CORPORATION and ) | |
| B. COLEMAN AVIATION LLC ) | |
| ) | |
| Intervenors ) | |

**OPINION AND ORDER**

This matter is before the Court on two motion to dismiss the complaint of Plaintiff, Gary Jet Center, Inc, the first (DE 25) filed by Defendants, Gary/Chicago International Airport Authority (the "Airport Authority"), Cornell Collins, Marion J. Johnson, Silas Wilkerson, Ross Amundson, and Nicole Thorn; and the second (DE 32) filed by Intervenors, East Lake Management and Development Corporation and B. Coleman Aviation LLC. All Defendants and Intervenors maintain that Plaintiff's § 1983 should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim and that its contract claim should be dismissed under Rule 12(b)(1) because this Court lacks subject matter jurisdiction over it.

**A.  Legal Standards**

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss

claims over which the federal court lacks subject matter jurisdiction. Jurisdiction is the "power to decide" and must be conferred upon a federal court. *In re Chicago, Rock Island & Pac. R.R. Co.*, 794 F.2d 1182, 1188 (7th Cir. 1986). When jurisdictional allegations are questioned, the plaintiff has the burden of proving that the jurisdictional requirements have been met. *Kontos v. United States Dep't of Labor*, 826 F.2d 573, 576 (7th Cir. 1987). In reviewing a Rule 12(b)(1) motion to dismiss, the Court may look beyond the complaint and review any extraneous evidence submitted by the parties to determine whether subject matter jurisdiction exists. *United Transp. Union v. Gateway Western R.R. Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996).

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is to test the sufficiency of the pleading, not to decide the merits of the case. *See Gibson v. Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." However, "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).[1] As the Supreme Court has stated, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1940 (quoting *Twombly*, 550 U.S. at 570). A complaint is facially plausible if a court can reasonably infer from factual content in the pleading that the defendant is liable for the alleged wrongdoing. *Id*. (citing *Twombly*, 550 U.S. at 570). The

---

[1] In *Twombly* the Supreme Court "retooled federal pleading standards, retiring the oft-quoted [*Conley v. Gibson*, 355 U.S. 42, 47 (1957)] formulation that a pleading 'should not be dismissed for failure to state a claim unless it appears beyond doubt that the [pleader] can prove no set of facts in support of his claim which would entitle him to relief.'" *Killingsworth v HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618, (7th Cir. 2007).

Seventh Circuit has synthesized the standard into three requirements. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). "First, a plaintiff must provide notice to defendants of her claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.*

**B.     Plaintiff's Complaint**

Plaintiff, Gary Jet Center Inc., is suing the Airport Authority and five individuals who comprised the Airport Authority's board when the actions complained of occurred (the "Old Board"). Plaintiff is a "fixed base operator" ("FBO") at the Gary/Chicago International Airport. An FBO operates like a service station for aircraft owners, providing services such as fueling, hangar space, and aircraft maintenance. The Airport Authority is the municipal body that controls the Airport.

The Airport Authority has adopted standards for FBOs operating at the Airport (the "FBO Regulations"), which classify FBOs according to the breadth of services they provide. The classifications range from an FBO-F, which provides only repairs to avionics, to an FBO-A, which provides everything from aircraft fueling and repairs to charter services, flight instruction, and aircraft rentals. Under the FBO Regulations, only an FBO-A may provide fueling services. However, the Airport Authority, through the Old Board, voted to exempt Intervenor East Lake Management and Development Corporation from the FBO Regulations applicable to FBO-As,

3

allowing it to sell fuel at the Airport without holding it to other requirements of the FBO Regulations applicable to FBO-As. For example, although the FBO Regulations require that an FBO-A must provide a building that is at least 10,000 square feet in size and a minimum of 35,000 gallons of above-ground fuel storage, East Lake is not operating out of a building of that size and has no above-ground fuel storage. According to Plaintiff, the Airport Authority has also been relieved of FBO Regulation requirements that it collect fuel flowage fees, landing fees, and parking fees from its customers. While Plaintiff is required to pay supplemental rent based on the fees it collects, East Lake is not.

Plaintiff maintains that this differential treatment, for which the Airport Authority had no legitimate justification and no rational basis, gives East Lake an unfair and illegal economic advantage over it and is causing it economic harm. Plaintiff asserts that Defendants have thus violated its right to equal protection of the laws as guaranteed by the Fourteenth Amendment.

Plaintiff also asserts a breach of contract claim. In Article II, paragraph A of its lease with the Airport Authority, the Airport Authority covenants that it will operate the Airport "consistent with and pursuant to the Sponsor's Assurance" given by the Airport Authority to the United States under the Federal Airport Act. (Compl. Ex. C, DE 1-2 at 4.) Pursuant to the Airport and Airway Improvement Act of 1982, 49 U.S.C. § 47101, et seq. (AAIA), as a condition of receiving federal funds for airport improvements, the Federal Aviation Administration (FAA) requires airport sponsors such as the Airport Authority to make written assurances that the sponsor will make the airport available for public use without unjust discrimination and will subject FBOs who use the airport in a similar manner to the same charges. Plaintiff alleges that the Airport Authority has breached the lease by failing to comply

with several provisions of the Sponsor's Assurances, including Assurance 22(c), which provides that FBOs at the airport "shall be subject to the same rates, fees, rentals, and other charges as are uniformly applicable to all other fixed-base operators making the same or similar uses of such airport and utilizing the same or similar facilities." (Compl. Ex. A, DE 1-1 at 10.)

C.  **Plaintiff's Equal Protection Claim**

Plaintiff does not allege that it is a member of any protected group. Therefore it is asserting an equal protection "class of one" claim. *See Charleston v. Univ. of Ill. at Chi.*, 741 F.3d 769, 775. The parties do not agree, and the Seventh Circuit has not settled on a pleading standard for such claims. *See Del Marcelle v. Brown County Corp.*, 680 F.3d 887 (7th Cir. 2012) (*en banc*). In *Del Marcelle*, five judges voted to affirm the district court's judgment dismissing a complaint for failure to state an equal protection class of one claim and five voted to remand for further proceedings in three separate opinions. The tie vote resulted in affirmance of the dismissal because a majority is required to reverse a judgment. *Id.* at 888. Neither the lead opinion nor the dissent has the force of controlling precedent. *Id.* at 906 (Wood, J., dissenting).

The four judges who joined in the lead opinion would require a plaintiff to show he was "the victim of *discrimination intentionally visited on him by state actors who knew or should have known that they had no justification, based on their public duties, for singling him out for unfavorable treatment—who acted in other words for personal reasons, with discriminatory intent and effect.*" *Id.* at 889.

According to the five dissenting judges, in order to state a claim for class of one

5

discrimination a plaintiff must include in its complaint plausible allegations that "(1) plaintiff was the victim of intentional discrimination, (2) at the hands of a state actor, (3) the state actor lacked a rational basis for so singling out the plaintiff, and (4) the plaintiff has been injured by the intentionally discriminatory treatment." *Id.* at 913. The complaint must allege facts—not bare legal conclusions—that support these points. *Id.*

The Supreme Court, in *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000), held that a complaint alleging that the Village intentionally demanded a thirty-three-foot easement from Olech as a condition of connecting her to the municipal water supply, where the Village required only a fifteen-foot easement from others similarly situated, and that the demand was irrational and wholly arbitrary, was sufficient to state a claim under its traditional equal protection analysis. *Id.* at 565 ("Our cases have recognized successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Id.* at 564.) The court did not require an allegation of subjective ill will. *Id.* at 565.

In *Charleston,* the Seventh Circuit applied the standard advanced by the *Del Marcelle* dissenters, calling it the least demanding standard that could apply. *Charleston*, 741 F.3d at 775. This Court will do likewise. In this Court's view that standard fits more closely with *Olech* than the standard the subscribers to the lead opinion in *Del Marcelle* would require.

The complaint sufficiently alleges intentional discrimination in favor of the Intervenors—the disparate treatment in this case was not a mistake—and that they are similarly situated to Plaintiff, in that they are performing the same services at the Airport as Plaintiff. Thus the question before the Court is whether Plaintiff has pleaded sufficient facts to make out a

6

plausible claim that Defendants' more favorable treatment of the Intervenors lacks a rational basis. The Court holds that it has:

> The complaint must . . . indicate how the plaintiff proposes to shoulder the burden of demonstrating the lack of a rational basis . . . In some instances, well illustrated by *Olech*, the state actor may inexplicably have failed to follow . . . a clear standard against which departures . . . could be readily assessed. Plaintiff need only plead the existence of such a standard and the state actor's failure to meet that standard in order to satisfy *Twombly* and *Iqbal* and go forward.

*Del Marcelle*, 680 F.3d at 914 (Wood, J., dissenting) (internal quotation and citation omitted).

Plaintiff has alleged that Defendants have failed to follow a clear standard—the FBO Regulations—to favor the Intervenors, who are providing the same services it is performing at the Airport. This satisfies the pleading standard suggested by the dissent in *Del Marcelle*.

### D. Subject Matter Jurisdiction over Contract Claim

Defendants and Intervenors claim this Court lacks subject matter jurisdiction over Plaintiff's contract claim because it centers around whether the Airport Authority breached its assurances to the FAA. They maintain that Plaintiff is attempting to assert a private right of action to enforce 49 U.S.C. § 47107 where none exists. According to Defendants and Intervenors, Plaintiff must raise its claims with the FAA instead of in federal court.

The Sponsors Assurances Defendants are accused of violating originate in 49 U.S.C. § 47107, which provides:

> (a) **General written assurances.**--The Secretary of Transportation may approve a project grant application under this subchapter for an airport development project only if the Secretary receives written assurances, satisfactory to the Secretary that–
> (1) the airport will be available for public use on reasonable conditions and without unjust discrimination; . . . and
> (5) fixed-base operators similarly using the airport will be subject to the same

charges.

The Court has no subject matter jurisdiction, they insist, because the FAA has exclusive responsibility to determine whether the Airport Authority has complied with its Sponsors Assurances.

Plaintiff insists that it is not asking this Court to exercise the FAA's enforcement authority, but simply to enforce the promise the Airport Authority made to it in the lease. According to Intervenors, a mere lease provision cannot create a cause of action to enforce federal regulations.

Absent the lease provision, Plaintiff could not bring an action in court seeking a determination that the Airport Authority is violating its Sponsor Assurances. Under regulations promulgated to enforce § 47107, an entity doing business with an airport receiving AAIA grants may institute proceedings against the airport by filing a complaint with the FAA. Pursuant to 14 C.F.R. Part 16, § 16.1, the provisions of Part 16 govern all FAA proceedings involving federally assisted airports brought under the authority of the assurances contained in grant agreements issued under the AAIA. Section 16.23 provides that a person directly and substantially affected by any alleged noncompliance may file a complaint with the FAA. Any party to the FAA action may seek judicial review of the FAA's decision in a United States court of appeals. *See* 14 C.F.R. § 16.247.

Although the Court has found no case from the Seventh Circuit Court of Appeals on the issue, other circuits courts have uniformly held there is no private right of action to enforce grant assurances made under the AAIA. *See, e.g., Northwest Airliners, Inc. v. Kent County*, 995 F.2d 1054, 1058 (6th Cir. 1992) (holding there is no private right of action under 49 U.C. S. § 2210,

8

the previous codification of § 47107); *Four T's, Inc. v. Little Rock Mun. Airport Comm'n*, 108 F.3d 909, 915 (8th Cir. 1997).

However, the fact that the FAA has an administrative procedure for determining whether an airport sponsor has violated its Sponsors Assurances does not deprive this Court of jurisdiction to hear Plaintiff's breach of lease claim. The Airport Authority agreed, in its lease with Plaintiff, that it would operate the Airport in compliance with the Sponsor's Assurances it gave to the FAA. By including this term in the lease, the parties made a breach of the Assurances a breach of the lease. Plaintiff is attempting to enforce a promise the Airport Authority made not just to the FAA, but also specifically to it.

E.     **Primary Jurisdiction**

Intervenors also argue that this Court should decline to hear Plaintiff's complaint at this time and defer to the primary jurisdiction of the FAA. As the Seventh Circuit explains in *Bradford School Bus Transit, Inc. v Chicago Transit Authority*, 537 F.2d 943, 949 (7th Cir. 1976):

> [t]he doctrine of primary jurisdiction is concerned with promoting proper relationships between courts and administrative agencies. It applies where a claim is originally cognizable in the courts whenever enforcement of that claim requires resolution of issues, which under a regulatory scheme, have been placed within the special competence of an administrative body. In such cases the judicial process is suspended pending referral of such issues to the administrative body for its views.

In deciding whether to invoke primary jurisdiction a court should consider the desirable uniformity which would result if a specialized agency passed on the administrative questions and the expert and specialized knowledge of the agency involved. *Id.*

9

This is not an appropriate case for invoking the primary jurisdiction of the FAA. The FAA makes determinations as to whether an airport sponsor is *currently* in compliance with its federal obligations and will dismiss allegations of violations if it determines that an airport has successfully cured them during the pendency of a Part 16 proceeding. *See Platinum Aviation v. Bloomington-Normal Airport Auth.*, FAA 16-06-09, 2007 WL 4854321 at *5 (Nov. 28, 2007). However, in Plaintiff's lease, the Airport Authority agrees that "at all times during the term of the lease" it will operate the airport pursuant to the Sponsor's Assurances. (DE 1-2 at 4.) Thus the FAA could rule that the Airport is in compliance with its Sponsors Assurances at the time of its ruling without deciding whether it had been so at all times relevant to Plaintiff's complaint. Such a future ruling would not assist the Court with the determination of whether the Airport Authority is now in breach of its lease with Plaintiff. Accordingly, the Court will not defer to the FAA before deciding Plaintiff's breach of contract claim.

**F.     Conclusion**

For the foregoing reasons Defendants' motion to dismiss (DE 25) and Intervenors' motion to dismiss (DE 32) are **DENIED**. Plaintiff's motion for a hearing (DE 39) is **DENIED**.

SO ORDERED on April 2, 2014.

  s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge